**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


DEREK COLLIER,

      Petitioner,

v.                                                                                    CASE NO:  8:04-CV-1210-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.
_____/


# ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1).  The Court has considered the petition and Respondents' response (Dkts. #5, #6) thereto.  Upon review and consideration, the Court determines that the petition must be denied because it is time-barred.

## Procedural History

On September 28, 2001, Petitioner (hereinafter "Petitioner" or "COLLIER") pled guilty to possession and sale of cocaine in the Sixth Judicial Circuit in and for Pinellas County, Florida, in case number CRC01-00173CFANO.  He was sentenced the same day to fifteen years incarceration on count one and five years on count two, with the terms running concurrently.

Because Petitioner filed this §2254 petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act

govern the timeliness of this petition.  Under AEDPA, a petitioner in state custody has one year to file a §2254 petition.  28 U.S.C. §2244(d)(1).  The one year limitations period of the AEDPA is measured from the latest of the date on which (1) the conviction became final by conclusion of direct review or the expiration of the time for seeking such review; (2) the impediment to making a motion created by governmental action in violation of the law was removed, if the governmental action prevented the filing of the petition; (3) the Supreme Court initially recognized the right asserted, if that right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claim could have been discovered through due diligence.

Petitioner did not file a direct appeal and, therefore, the judgment became final on October 28, 2001, the expiration of the time for an appeal.  Therefore, Petitioner had until October 28, 2002, within which to file his §2254 petition with this Court.  This limitation period may be tolled for the period of time during which a "properly filed" application for state post-conviction or other collateral review is pending in state court.  28 U.S.C. §2254(d)(2).  But Petitioner did not file for state post-conviction relief before the expiration of his §2254 limitation period.  He did not file for state post-conviction relief until January 28, 2003.  A state court motion that is filed after the expiration of the federal limitations period for §2254 petitions does not toll the limitation period because the period has already expired.  That is, there was no federal limitations period remaining to be tolled at the time the state post-conviction motion was filed.  See Tinker v. Moore, 255 F.3d 1331 (11th Cir.

2001).[1]  The federal limitations period may be equitably tolled when a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with exercise of due diligence.  Steed v. Head, 219 F.3d 1298 (11th Cir. 2000).  Here, Petitioner makes no claim of such extraordinary circumstances that would support equitable tolling.

### Conclusion

Because Petitioner's §2254 petition is time-barred, it must be denied.  Therefore, it is

ORDERED AND ADJUDGED that:

1.      The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2.      The Clerk is directed to enter judgment in favor of Respondents and against

the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on April 10, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2004\04-cv-1210.collier.wpd*

---

[1]

Even had the petition been timely, it would still have failed because it is procedurally barred.  The one ground raised in this §2254 petition was not raised in the state court until Petitioner filed a second motion for post-conviction relief on October 9, 2003.  That second motion was dismissed by the state court for being successive and an abuse of procedure.  The state trial court did not reach the merits of the issue.  The dismissal was affirmed *per curiam* by the Second District Court of Appeal on April 28, 2004.  Since the state court did not reach the merits of the issue, this Court is precluded from doing so.